53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stephen Wesley POLK, Sr., Plaintiff-Appellant,
v.
LOCAL 16, INTERNATIONAL UNION BRICKLAYERS AND ALLIED
CRAFTSMEN, Defendant-Appellee.
 No. 94-3272.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1995.
 
 Before: KEITH and MARTIN, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Stephen Polk appeals the district court's grant of summary judgment for Local 16 on his discrimination claim based on Title VII, Section 1983, and the Age Discrimination in Employment Act. Polk contends that the district court improperly struck an affidavit filed with his opposition to summary judgment.
 
 
 2
 Stephen Polk, an African-American, is a cement mason. At the time this suit was commenced in 1988, he was 73 years old and had been a member of Local 16, International Union of Bricklayers and Allied Craftsmen since 1960. He alleges that over the years he had regularly been referred to work by business managers of Local 16. However, beginning in 1986, Polk sought job referrals through Local 16 without success despite claims by the union that it attempted to reach Polk regarding jobs.
 
 
 3
 Local 16 has approximately 200 members, eight percent are African-American and sixty-three percent are over age forty. It has a collective bargaining agreement with the Mason Contractors Association of Lake and Geauga Counties. Although it does not operate a hiring hall, Local 16 does contact members to notify them of employment opportunities. Because employers interested in hiring will often notify the union, some members of Local 16 will call the union office regularly when they are out of work.
 
 
 4
 On March 19, 1987, Polk filed the first of four administrative charges of race discrimination with the Equal Employment Opportunity Commission. He was issued a "right to sue" letter on May 16, 1988. On August 3, he filed suit in district court challenging Local 16's operation of informal job referrals as discriminatory. Polk's claims were based on Local 16's alleged refusal to refer him for employment.
 
 
 5
 In his original complaint, Polk alleged that the union discriminated against him on the basis of race, in violation of 42 U.S.C. Secs. 1983 and 2000e et seq., and age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(c). Polk also claimed that the union breached the collective bargaining agreement, but this charge was later dropped. Two years after the original complaint was filed, a second amended complaint was filed August 24, 1990, raising a charge of retaliation in violation of 42 U.S.C. Sec. 2000e-3.
 
 
 6
 On March 3, 1989, Local 16 moved for summary judgment. Polk countered this motion on March 17 with the first of many requests for extensions of time. On April 14, Polk received an extension of thirty days after the completion of discovery to respond to Local 16's summary judgment motion. This would prove to delay resolution of this case for years.
 
 
 7
 On January 28, 1992, the district court referred this case to a magistrate for consideration. The magistrate ordered that discovery be completed by May 18 and that Polk reply to the summary judgment motion by June 18. On May 8, Polk filed a second motion to extend time which was granted, requesting that the discovery deadline be extended until August 1, 1992. On July 28, Polk sought and received a third extension, allowing him until August 15 to complete depositions and until September 15 to respond to the summary judgment motion. Then, on September 28, the magistrate granted a fourth extension and required Polk to respond by October 23. At this time, Polk was being represented by new counsel who then filed for a fifth extension of time, until November 2. On that date, Polk sought and was granted a sixth extension, asking to be permitted to respond by November 6. Finally, on November 13, one week after Polk's final extension of time had expired, he filed a memorandum opposing summary judgment.
 
 
 8
 Local 16 moved to strike Polk's opposition to summary judgment because it was filed late, or in the alternative to strike the accompanying affidavit of Joseph Celli. By way of response to this motion, Polk sought a seventh extension of time, which was not granted. On December 14, two weeks late, Polk filed a memorandum opposing the motion to strike. On December 16, 1993,[1] the magistrate granted Local 16's motion to strike the affidavit and recommended that summary judgment be granted in Local 16's favor.
 
 
 9
 Polk again moved for an extension of time (until January 6, 1994) to file objections to the magistrate's report and recommendation. Despite receiving this extension, however, Polk did not file objections until January 10, 1994, having misconstrued Civil Procedure Rule 6(e) as giving him three additional days. The district court, having already prepared an order adopting the magistrate's recommendation, scheduled a hearing on whether to accept Polk's untimely objections. The court found that Polk had not "presented an acceptable reason for filing the objection late." Nevertheless, the court addressed Polk's objections, which went to the striking of Joseph Celli's affidavit:
 
 
 10
 Mr. Celli was not listed as a witness in response to Defendant's interrogatory asking for the identification of every fact witness that Plaintiff intended to call at trial and describe in detail the subject and substance of the testimony.... Plaintiff states that Mr. Celli's affidavit should be considered because he only learned of Mr. Celli's existence prior to filing a response to Defendant's motion for summary judgment. The Court agrees with the Magistrate Judge that Mr. Celli's affidavit should not be considered. Defendant had a right to rely on Plaintiff's witness list.
 
 
 11
 Without the Celli affidavit, the district court found that there was no genuine issue of material fact and granted summary judgment for Local 16. Polk filed a timely notice of appeal on March 4, 1994.
 
 
 12
 On appeal, Polk argues that the district court abused its discretion by striking Celli's affidavit. Polk contends that no request to supplement had been made prior to the motion to strike and that witness lists need not be disclosed at the discovery stage. Polk maintains that the district court's failure to consider the affidavit was clear error. He then argues that, when considered in the light most favorable to him, summary judgment was inappropriate because there are genuine issues of material fact.
 
 
 13
 We review a grant of summary judgment de novo. Moore v. Holbrook, 2 F.3d 697, 698 (6th Cir. 1993). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). All evidence is viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 14
 In United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981), this Court held that failure to file timely objections to a magistrate's report waives a party's right to appeal from the district court's decision to adopt the magistrate's report. See also Thomas v. Arn, 474 U.S. 140, 142 (1985) (approving Walters rule); Kelly v. Withrow, 25 F.3d 363, 365 (6th Cir. 1994). However, the Walters rule is procedural, not jurisdictional--any default may thus be excused in the interests of justice. Thomas, 474 U.S. at 155; Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987). "This court has also concluded that when, as here, a district court considers untimely objections, the justifications for enforcing the Walters rule dissipate." O'Neal v. Morris, 3 F.3d 143, 144-45 (6th Cir. 1993) (citing Patterson v. Mintzes, 717 F.2d 284, 286 (6th Cir. 1983)). Here, the district court addressed Polk's objections to the magistrate's report only after noting that it was not required to do so. Thus, Walters will not serve as a bar to appellate review in this case.
 
 
 15
 Joseph Celli's affidavit states that he has personal knowledge of Local 16's practice of referring cement masons. Celli's affidavit claims that Local 16's business manager regularly refers members for jobs and informs contractors of members' availability. It also says that as a general business practice, contractors request referrals from Local 16 and that Local 16 regularly refers union members for jobs. Finally, it relates that Local 16's business manager considers construction to be a "young man's game."
 
 
 16
 A district court may sanction a party for discovery violations in many ways, including dismissing the lawsuit or entering a default judgment. Bank One of Cleveland, N.S. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). The rules specifically provide for "striking out pleadings or parts thereof." Fed. R. Civ. P. 37(b)(2)(C). Orders imposing sanctions under Rule 37 are reviewable for an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976).
 
 
 17
 Among the factors to be considered in reviewing the imposition of sanctions for an abuse of discretion, the appellate court should consider: (1) whether the adversary was prejudiced by the [sanctioned] party's failure to cooperate in discovery, (2) whether the [sanctioned] party was warned that failure to cooperate could lead to [such a sanction], and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.
 
 
 18
 Taylor v. Medtronics, 861 F.2d 980, 986 (6th Cir. 1988) (citing Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988)).
 
 
 19
 Considering the above factors, we find no prejudice to Local 16 and no advance warning to Polk; indeed, the court had been quite lenient to that point concerning timeliness. Further, given the lapse of a year between the time Local 16's motion to strike was filed and granted, it certainly could have sought to depose Celli informally despite the discovery period closing. Local 16 concedes that occasionally it refers members to jobs, but claims it is under no duty to do so. Celli's affidavit goes directly to that point; it alleges that Local 16 makes a practice of referrals and concludes with a statement about construction being a "young man's game." Celli's affidavit does raise a material issue.
 
 
 20
 We conclude that striking Celli's affidavit was an abuse of discretion, and that when it is considered, Polk has raised a genuine issue of material fact. Summary judgment was thus inappropriate in this case and we therefore REVERSE.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 No explanation is offered in either party's brief or the record for the one year lapse between the filing of these motions and the magistrate's decision